ENGELTHALER & HASEK v. LINN COUNTY, Appellant.

**Mulct Law:** REBATE. Under Acts Twenty-fifth General Assembly, chapter 62, section 7, providing that in case sales of intoxicating liquors have not continued for more than six months of the year for which the taxes are assessed, the total tax for the year may be reduced *pro rata*, the year referred to is the calendar year, and therefore it is immaterial that sales have not continued for more than six months before levy of the tax. If, therefore, a party sells liquors for more than six months of the calendar year 1895, and a mulct tax is levied on him at the September meeting of that year, he can have no rebate from the payment of six hundred dollars for the year 1895.

SAME. Acts Twenty-fifth General Assembly, chapter 62, section 9, providing that, if a tax for selling intoxicating liquors on premises be not levied at the September meeting of the board of supervisors,

it shall be levied for a *pro rata* amount of tax for the remainder of the year, does not authorize the board to levy a *pro rata* tax at a September meeting.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

SATURDAY, DECEMBER 18, 1897.

APPLICATION for rebate of tax levied under the provisions of what is known as the "Mulct Law." A tax of six hundred dollars was levied by the board of supervisors of Linn county at its regular September meeting against the plaintiff and the property in which they were doing business. At the time of the levy, plaintiffs had on file a petition for the rebate of the tax for the months of January, February, and March. The board denied the petition, but, upon appeal to the district court, it was sustained, and the county appeals.— *Reversed.*

*J. M. Grimm,* county attorney, and *J. H. Rothrock, Jr.,* for appellant.

*Heins & Heins* for appellees.

DEEMER, J.—From the agreed statement of facts upon which the case was tried in the district court, we find that appellees sold no liquors in the county of Linn in the year 1895, prior to the month of April. They commenced to sell on the first day of that month, and continued in business down to the time of the trial in the district court. On this record the trial court held that the year referred to in the Acts of the Twenty-fifth General Assembly, chapter 62, relating to sales of intoxicating liquor, commenced, in so far as these appellees are concerned, on the first day of April, and that they were entitled to a rebate of one hundred and fifty dollars. It is from this order that the appeal is taken,

In the case of *David v. Hardin County*, 104 Iowa, 204, we held that the word "year," as used in the acts of the general assembly under consideration, meant "calendar year," and that, when the assessment was made at other than the regular September meeting of the board, it should be *pro rata* of the annual levy "dependent upon the time of the assessment." This case not only involves a determination of what is meant by the word "year," but also a construction of sections 7 and 17 of chapter 62, Acts Twenty-fifth General Assembly. We have set out the substance of these sections in the opinion just referred to, and need not repeat them here. With reference to section 17, it need only be said that it relates to the time of payment of the tax, and to what it is necessary to do in order that such payment may constitute a bar to proceedings for violation of the general statutes prohibiting the traffic in intoxicating liquors. We may also observe that the case of *Clark v. Riddle*, 101 Iowa, 270, wherein we held that section 17 did not apply to cities acting under special charters; and the act passed at the recent special session of the legislature, and known as chapter 7, Acts Twenty-sixth General Assembly (Ex. Sess.), which undertook to legalize all sales made in cities acting under special charters, and all proceedings with reference thereto, have no bearing upon the question now before us. The whole matter is solved by a construction of section 7, which says, in effect, that, if it should be found on appeal that sales of intoxicating liquor had not continued for more than six months in the year for which the taxes were assessed, then the total tax for the year may be reduced *pro rata*. It is conceded that appellees sold liquor for more than six months of the year 1895. There can, therefore, be no remission under section 7. Claim is made, however, that section 9 applies, and that appellees should pay no more than four hundred and fifty dollars. It is manifest, however,

that the latter part of this section, being the part upon which appellees rely, has no application to this case, for the reason that it has reference to levies made at other than the September meeting. We are of opinion that the year referred to in this so-called "Mulct Law" is the calendar year; that appellees are not entitled to the rebate claimed, for the reason that they had continued their sales for more than six months of the year for which the taxes were assessed; and that the latter part of section 9 has no application, for the reason that the taxes were levied at the regular September meeting of the board.—REVERSED.